IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RODNEY WASHINGTON,

    Petitioner,                                        ORDER

v.

                                                 Case No. 14-cv-208-wmc

TIM HAINES,

    Respondent.

Petitioner Rodney Washington is currently in custody of the Wisconsin Department of Corrections at the Wisconsin Secure Program Facility. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the calculation of his sentence. He has neither paid the $5 filing fee nor requested leave to proceed *in forma pauperis* in this habeas proceeding. For this case to move forward, petitioner must pay the $5 filing fee or submit a properly supported motion for leave to proceed *in forma pauperis* no later than April 10, 2014.

In the event that petitioner requests leave to proceed *in forma pauperis*, he must submit a trust fund account statement for the six-month period immediately preceding the filing of his habeas corpus petition. *See* 28 U.S.C. § 1915(a)(2); *Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). The federal *in forma pauperis* statute does not permit a court to waive a prisoner's entire obligation to pay filing fees, but it does allow a qualifying individual to proceed without prepaying some or all of the filing fee. To determine whether petitioner qualifies as indigent, any motion for leave to proceed *in forma pauperis* must include a certified copy of his inmate trust fund account statement (or institutional equivalent) for the six-month period beginning approximately September 10, 2013, through the date of his petition, March 10, 2014.

If petitioner does not submit either the $5 payment or a motion for leave to proceed *in forma pauperis* before April 10, 2014, the court will assume that he wishes to withdraw this action voluntarily and will dismiss the petition without further notice.

Petitioner has also filed a motion for appointment of counsel. There is no right to counsel in federal habeas proceedings under § 2254. *See, e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, a district court may appoint counsel for a habeas corpus petitioner only where the petitioner is (1) "financially eligible" for such an appointment under the Criminal Justice Act (CJA), and (2) such an appointment would serve "the interests of justice." 18 U.S.C. § 3006A(a)(2). Petitioner, who has not submitted any information about his financial status, fails to meet either criteria. Accordingly, the court will deny his motion at this time.

ORDER

IT IS ORDERED that:

1. Petitioner Rodney Washington's motion for appointment of counsel (Dkt. # 4) is DENIED without prejudice.

2. No later than April 10, 2014 Rodney Washington shall pay the $5 filing fee or submit a properly supported motion for leave to proceed *in forma pauperis* together with a certified copy of his inmate trust fund account statement for the six-month period from the date of the habeas petition (March 10, 2014 through at least September 10, 2013).

3.  Petitioner is advised that, if he fails to comply as directed or show cause for his failure to do so, the court will assume that he does not wish to proceed and this case will be dismissed without further notice.

Entered this 25th day of March, 2014.

BY THE COURT:

/s/

PETER OPPENEER
Magistrate Judge